IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KATIE GHERTNER, | : |
| | : |
| Plaintiff, | : |
| | : CIVIL ACTION NO.: |
| | : 1:19-CV-02295-SDG-RGV |
| v. | : |
| | : |
| CORPORATE ENVIRONMENTS | : |
| OF GEORGIA, INC., | : |
| | : |
| Defendant. | : |
| | : |

**PLAINTIFF'S (1) RESPONSE TO DEFENDANT'S STATEMENT OF FACTS TO WHICH THERE IS NO GENUINE DISPUTE AND (2) STATEMENT OF ADDITIONAL MATERIAL FACTS WHICH PRESENT GENUINE ISSUE FOR TRIAL**

By her attorneys and pursuant to Local Rule 56.1(2), Plaintiff Katie Ghertner responds to Defendant's Statement of Facts To Which There Is No Genuine Dispute and submits her Statement of Additional Material Facts Which Represent Genuine Issues For Trial.

I. **Plaintiff's Response to Defendant's Statement Of Facts To Which There Is No Genuine Dispute.**

1. Disputed. Defendant does not assert a "fact." Plaintiff asserts an FMLA interference claim based on Defendant's failure to reinstate her to the same

1

or a substantially similar position upon her return from FMLA leave. Plaintiff asserts an FMLA retaliation claim based on Defendant's transfer of her to the Project Designer position.

2. While Defendant does not assert a "fact," admitted as to what the law requires.

3. Disputed. What Plaintiff desired is irrelevant to whether Defendant complied with its FMLA obligations. Plaintiff wanted her pre-FMLA position upon her return from her leave, but Defendant did not offer her that position or an equivalent position, as the FMLA requires.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted that Dr. Gore testified as much. But this "fact" is irrelevant to Ms. Ghertner's FMLA interference and retaliation claims and is presented to harass and annoy Ms. Ghertner.

8. Admitted that Ms. Hughes testified as much.

9. Disputed. Dr. Gore was not Ms. Ghertner's "treating physician." Dr. Brian Thomas was the treating physician who Ms. Ghertner had seen for many years, who certified Ms. Ghertner's need for FMLA leave, and who certified her

ability to return from FMLA leave in April 2019 with no restrictions. (Dkt. Nos. 32-8, 32-11.) Dr. Gore was a licensed clinical psychologist who Ms. Ghertner saw for a short time in 2019.

10.     Admitted that Dr. Gore testified as much. But Dr. Gore was not the physician who Ms. Ghertner had seen for many years, who certified Ms. Ghertner's need for FMLA leave, and who certified her ability to return from FMLA leave in April 2019 with no restrictions. (Dkt. Nos. 32-8, 32-11.) Dr. Gore was a licensed clinical psychologist who Ms. Ghertner saw for a short time in 2019.

11.     Admitted.

12.     Disputed. Ms. Hughes did not testify that Ms. Ghertner notified her that "she would be gone beyond her 12 weeks of FMLA." Admitted that Defendant placed Ms. Quarta in Plaintiff's position as an A&D Specialist.

13.     Disputed. What Plaintiff desired is irrelevant to whether Defendant complied with its FMLA obligations. Plaintiff wanted her pre-FMLA position upon her return from her leave, but Defendant did not offer her that position or an equivalent position, as the FMLA requires.

14.     Admitted.

15. Admitted that the A&D Specialist role reported to Kelli Burns before Ms. Burns went on FMLA leave. Once Ms. Burns went on FMLA leave, the A&D Specialist role reported to Marcus Tate. (Dkt. Nos. 32-4, 32-6; Ex. 1 (Tate Dep.), at 18:2-20.)

16. Disputed. Ms. Ghertner's new supervisor testified that Defendant transferred Ms. Ghertner to the Project Design position because it benefitted the Company, not out of concern for Ms. Ghertner: "we came to the consensus that we believed her skills and talent were most beneficial *to the company* in the ancillary project design area." (Ex. 2 (Rutledge Dep.), at 34:23-25) (emphasis added.) This "fact" also is irrelevant to Ms. Ghertner's FMLA interference claim, as an FMLA interference claim does not require a plaintiff to show an employer's motive for denying an employee's right. *Krutzig v. Pulte Home Corp.*, 602 F.3d 1231, 1235 (11th Cir. 2010) (holding that an FMLA interference analysis does not require that a plaintiff show that her employer intended to deny the right as the employer's motives are irrelevant to the analysis).

17. Disputed. Defendant does not assert a fact, but rather does assert a legal conclusion. Rather than repeat Ms. Ghertner's Motion for Partial Summary Judgment here, Ms. Ghertner references the duties, job descriptions, responsibility, and compensation explained in that Motion to show that the Sales and Marketing

4

department's A&D Specialist position was not equivalent to the Design department's Project Designer position.  (Dkt. No. 32.)

18. Admitted.

19. Disputed.  What Plaintiff desired is irrelevant to whether Defendant complied with its FMLA obligations.  Plaintiff wanted her pre-FMLA position upon her return from her leave, but Defendant did not offer her that position or an equivalent position, as the FMLA requires.

20. Disputed.  What Plaintiff desired is irrelevant to whether Defendant complied with its FMLA obligations.  Plaintiff wanted her pre-FMLA position upon her return from her leave, but Defendant did not offer her that position or an equivalent position, as the FMLA requires.

## II. Statement of Additional Material Facts Which Represent Genuine Issues for Trial ("SAMF")

21. When asked if there was "an expectation that Ms. Ghertner was going to return and resume her A&D Specialist position," Defendant's Human Resources Director testified that "At that point we really didn't know what Katie – when she was going to return."  (Ex. 3 (Morton Dep.), at 39:21-40:1.)

22. Defendant's Chief Operating Officer, in describing Ms. Ghertner's communication in early April that she would be going to an in-patient facility, testified that "Katie was . . . fairly distraught on the phone call and the next steps

were not completely certain as far as how it was going to unfold." (Ex. 4 (O'Connell Dep.), at 21:14-22:13.)

23. Defendant emailed its employees on April 9 that it "certainly look[s] forward to [Ms. Ghertner's] return to CE." (Ex. 5.)

24. Defendant moved another employee into the position in the near term while Ms. Ghertner was on leave. (Ex. 5.)

25. When Ms. Ghertner informed Defendant that she was ready to return from FMLA leave on about April 20, Defendant's Human Resources Director testified that Ms. Ghertner was still within the timeframe for which she had been approved for FMLA. (Ex. 3 (Morton Dep.), at 41:10-18.)

26. After Ms. Ghertner informed Defendant that she was ready to return to work within her allotted FMLA leave period, Defendant's Human Resources Director testified that she informed management "what the policy was for FMLA" and gave management the rules to make sure Defendant was compliant, including that Defendant must "hold a position . . . for twelve weeks and [Ms. Ghertner] would be returned to the same position or one that's equivalent with the pay, similar duties and pay and bonuses." (Ex. 3 (Morton Dep.) at 44:7-45:19.)

27. Defendant required Ms. Ghertner to provide a completed "Request to Return from FMLA Leave" form at the end of April. The document does not

6

reference returning from any other type of leave or absence.  (Exs. 3 (Morton Dep.), at 84:9-12; 6 (Request to Return from FMLA Leave Form).)

28.     Defendant did not provide Ms. Ghertner with a separation notice or notification of her COBRA rights until after April 29.  (Ex. 7.)

29.     Defendant told the Department of Labor after Ms. Ghertner's employment ended that "Upon notice that she would return to work from her FMLA leave on April 29, 2019, the Company offered her an equivalent position with the same salary."  (Ex. 8.)

30.     Defendant did not raise its "unequivocal notice" argument in its Rule 26(f) Initial Disclosures, in the Joint Preliminary and Planning Report, in response to Plaintiff's Interrogatories, or when any of its witnesses testified in deposition. (Dkt. Nos. 6, 10; 32-20.)

31.     When Defendant's Human Resource representative was asked in deposition if Defendant violated the FMLA, she testified that it did not because "we held a position" and it "was a[n] equivalent role."  When asked if there were any other reason why she did not think Defendant violated the FMLA, she testified "That's about all that it would require under the FMLA."  (Ex. 3 (Morton Dep.), at 66:14-67:10.)

32. Defendant's Chief Operating Officer testified that Defendant was comfortable that it had complied with the FMLA because it believed that Ms. Ghertner's pre- and post-FMLA positions were equivalent. (Ex. 4 (O'Connell Dep.), at 63:21-64:6.)

33. When Defendant's Chief Executive Officer testified that it moved another employee temporarily to the A&D Specialist position, she stated that Defendant did so to temporarily "bridge the gap." (Ex. 9 (Hughes Dep.), at 23:1-24:10.)

34. Ms. Ghertner returned to work in the twelve weeks she had been granted under the FMLA. (Exs. 6; 10.)

35. Ms. Ghertner accepts that the FMLA allows Defendant to reinstate her to an equivalent position. She understands that the law provides Defendant with the option of reinstatement to that position or to a position with substantially similar duties, pay, and terms and conditions. (Dkt. No. 34-1 (Ghertner Dep.), at 116:16-19.)

36. Defendant transferred Ms. Ghertner to a different position: Project Designer. (Ex. 10.)

37. Defendant's Chief Executive Officer testified that Defendant had no discussions about transferring Ms. Ghertner from her A&D Specialist position before she took FMLA leave. (Ex. 9 (Hughes Dep.), at 54:18-22.)

38. Bevetta Morton, Defendant's Human Resources Director, is responsible for Defendant's compliance with the FMLA. (Ex. 3 (Morton Dep.), at 20:5-14.)

Respectfully Submitted,

By: /s/ Andrew Weiner
Andrew L. Weiner
Georgia Bar No. 808278
Jeffrey B. Sand
Georgia Bar No. 181568
WEINER & SAND LLC
800 Battery Avenue SE
Suite 100
Atlanta, Georgia 30339
(404) 205-5029 (Tel.)
(404) 254-0842 (Tel.)
(866) 800-1482 (Fax)
aw@atlantaemployeelawyer.com
js@atlantaemployeelawyer.com

COUNSEL FOR PLAINTIFF

Dated: March 10, 2020

## **CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7.1**

I certify that this document was prepared in compliance with Local Rule 5.1.

This document was prepared in Times New Roman 14-point font.

By <u>s/ Andrew Weiner_____</u>
   Counsel for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| KATIE GHERTNER, | : |
| | : |
| Plaintiff, | : |
| | : CIVIL ACTION NO.: |
| | : 1:19-cv-02295-SDG-RGV |
| v. | : |
| | : |
| CORPORATE ENVIRONMENTS | : |
| OF GEORGIA, INC., | : |
| | : |
| Defendant. | : |
| | : |

## CERTIFICATE OF SERVICE

I certify that on March 10, 2020, I electronically filed PLAINTIFF'S (1) RESPONSE TO DEFENDANT'S STATEMENT OF FACTS TO WHICH THERE IS NO GENUINE DISPUTE AND (2) STATEMENT OF ADDITIONAL MATERIAL FACTS WHICH PRESENT GENUINE ISSUES FOR TRIAL with the Clerk of Court using the CM/ECF system, which will transmit Notice of Electronic Filing generated by CM/ECF to counsel and parties who are authorized to receive electronically Notices of Electronic Filing.

By: /s/ Andrew Weiner
Counsel for Plaintiff

11